IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH E. RANDOLPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-246-GMS |
| | ) |
| DAVID HENDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.     INTRODUCTION**

Plaintiff Kenneth E. Randolph ("Randolph"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1]  (D.I. 3, 7, 17)

**II.    BACKGROUND**

Randolph alleges violations of his right to due process during a parole revocation hearing. On May 15, 2015, the court screened Randolph's pleadings and dismissed one defendant. (D.I. 8, 9.) Randolph seeks, among other things, compensatory and punitive damages. The court liberally construed Randolph's pleadings and allowed him to proceed against the Delaware Board of Parole defendants. A service order issued. (D.I. 9.) Two defendants, Richard Negley ("Negley") and Ralph Libarratore ("Libarratore"), signed the return of waiver of service of summons. (D.I. 11, 12.) Two defendants, David Henderson ("Henderson") and Marlene

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Lichtenstadter ("Lichtenstadter"), did not sign and return the waiver of service of summons. (D.I. 13, 14.)

Shortly after the United States Marshals Service ("USMS") advised the court that Henderson and Lichtenstadter did not return the waiver of service of summons, all four defendants filed a motion to stay. (D.I. 10.) The motion advised the court that Randolph sought to litigate the same claims in the Superior Court of the State of Delaware in and for New Castle County, and a stay was sought pending a resolution of the Superior Court action to avoid duplicitous litigation and pending perfection of proper service upon all named defendants. (*Id.*). The court granted the motion to stay and ordered the parties to advise it of the status of the State court matter. (D.I. 19, 27, 30, 34.)

On December 3, 2015, the Superior Court entered an order dismissing the case. *See Randolph v. Henderson*, C.A. No. N15M-04-060-CEG at BL-28 (Del. Super.) Randolph appealed to the Delaware Supreme Court. *Id.* at BL-29. On April 23, 2017, Randolph advised the court that the case remained pending and that on February 6, 2017, the Delaware Supreme Court affirmed and remanded the matter, and appointed counsel. (D.I. 35.) On April 28, 2017, the defendants advised the court that the Delaware Supreme Court issued a decision affirming the dismissal of Randolph's civil lawsuit, but remanded the matter to the Superior Court for appointment of counsel because Randolph raised concerns about his parole revocation process. (D.I. 36.) The defendants posited that Randolph's federal lawsuit that made essentially identical claims was not barred by the doctrine of res judicata. (*Id.*) Thereafter, the court lifted the stay and ordered the parties to brief the issue of whether Randolph's claims are barred by reason of claim preclusion (*i.e.*, res judicata). (D.I. 37.)

Randolph filed a brief addressing the issue and the defendants filed a motion to dismiss for insufficiency of service of process and for summary judgment on the issue of claim preclusion. (D.I. 44, 45, 46.) Randolph opposes the defendants' motion. (D.I. 48.) He also filed a request for counsel. (D.I. 47.)

### III. STANDARD OF REVIEW

#### A. Rule 12(b)(5)

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). At the time the complaint was filed, Rule 4(m) imposed a 120-day time limit for perfection of service following the filing of a complaint.[1] Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

#### B. Summary Judgment

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of

---

[1]At the time this action was commenced, service was to be commenced within 120 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). The statute was amended, effective December 1, 2015, and reduced the presumptive time for serving a defendant from 120 days to 90 days.

574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## IV. DISCUSSION

### A. Service

The defendants' motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (D.I. 45.) A footnote in the defendants' supporting memorandum states that there has been no personal service on the Board of Parole, Henderson and Lichtenstadter. (D.I. 46 at n.1.) Rule 4(m) in effect at the time of service, provided in relevant part (m) that "if a defendant is not served within 120 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The defendants discuss an April 29, 2015 attempt at service of the Superior Court case and how it was defective, and subsequent attempts at service in the Superior Court case in June and July of 2015. The foregoing defective attempts at service have nothing to do with service in the instant case. Indeed, the service order in this case was not issued until May 15, 2015, more than a month after the first attempt at service in the Superior Court case occurred. (*See* D.I. 15.) The court takes judicial notice of the court docket in the Superior Court case, and it is clear that dates to which the defendants refer are for the Superior Court case and not the instant case.

The court first notes that the Board of Parole is not a named defendant in the instant case. Second, it is clear from the record that neither Henderson nor Lichtenstadter signed and returned the waiver of service of summons. Typically when this occurs in a case with a *pro se* defendant who has *in forma pauperis* status, the court prepares a supplemental service order for personal service upon those defendants. However, because the case was stayed, the order was never entered.

Randolph is an incarcerated individual and he complied with the order regarding service. As an incarcerated individual, he relies upon the USMS to effectuate service and the USMS attempted service. The two unserved defendants, did not, however, return the waiver of service of summons. In addition, the case was stayed for some time. Given these facts, and the defendants' failure to provide any argument for their position as to why dismissal of Henderson and Lichtenstadter is appropriate, the court finds good cause exists for the failure to effect service on these two defendants.

In addition, under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when

there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the court will deny the defendants' motion seeking dismissal for insufficient service of process. (D.I. 46.)

**B.    Res Judicata**

The defendants move for summary judgment on the grounds that this action is barred by reason of claim preclusion or res judicata. Res judicata, or claim preclusion, applies where the party invoking it establishes: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted). Res judicata "bars not only claims that were brought . . . , but also claims that could have been brought." *Id.*

In the State case, Randolph commenced his action as a petition for a writ of mandamus, the petition was dismissed and he appealed. Randolph asked the Superior Court to direct the defendants (the same defendants as in this case) to reinstate his parole, to place him on Tier I of the sex offender registry, to reinstate his good time credits, and to award him $500,000 in compensatory damages, and $500,000 in punitive damages. *Randolph v. State*, 2017 WL 512471, at *1 (Del. 2017). The Delaware Supreme Court found no error in the Superior Court's dismissal of Randolph's petition for a writ of mandamus noting that the Superior Court acted in its discretion because Randolph could not establish a clear legal right to the reinstatement of his parole or to monetary damages. *Id.* at *1-2. Nonetheless, the Supreme Court concluded that, in the interests of justice, this matter should be remanded to the Superior Court for the appointment of counsel and leave to file an amended complaint because Randolph raised significant due process issues. *Id.* The Delaware Supreme Court opined, "[w]ith the assistance of counsel,

Randolph can ascertain the factual record and present an amended complaint in a proper procedural posture, if such a complaint is deemed by counsel to be appropriate." *Id.* at *1. Thereafter, the matter was remanded to the Superior Court. The court takes judicial notice that on June 5, 2017, counsel entered an appearance on behalf of Randolph in the Superior Court case. *Randolph*, C.A. No. N15M-04-060-CEG at BL-39. The case remains pending.

The defendants' position is that: (1) a final judgment was entered against Randolph in the prior State court proceeding; (2) the defendants are identical in both actions; and (3) the underlying conduct at issue in the instant case is the same as that asserted in the State court proceeding (*i.e.*, the propriety of the revocation of Randolph's parole).

Having reviewed the filings submitted by the parties, the court does not agree that, at this juncture, the claims raised by Randolph are barred by res judicata. The State case was remanded to the State court explicitly to address issue of whether Randolph was afforded his due process rights during his parole hearing. This court recognized this very issue when it screened Randolph's complaint on May 15, 2015. To date, there has been no final judgment on this issue – an issue raised in both courts. As noted, the matter remains pending the Superior Court.

Accordingly, the court will deny the motion for summary judgment based upon res judicata. Given the posture of this case, the motion will be denied without prejudice to renew upon the resolution of the Superior Court case. Finally, the court will stay this matter while the State case remains pending.

## V. REQUEST FOR COUNSEL

Randolph requests counsel. (D.I. 47.) As discussed this matter will be stayed. Therefore, the court will deny the request without prejudice to renew.

## VI. CONCLUSION

For the above reasons, the court will: (1) deny the defendants' motion to dismiss for insufficient service of process; (2) deny without prejudice to renew upon the resolution of the State case, the defendants' motion for summary judgment based upon res judicata; (3) deny the plaintiff's request for counsel; and (4) stay this matter pending resolution of the case filed by the plaintiff in the Superior Court of the State of Delaware in and for New Castle County.[2]

An appropriate order will be issued.

\_\_\_\_\_Dec\_\_\_\_\_, 2017
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because the matter will be stayed, at this time the court will not extend the time to serve or enter a supplemental service order. The issue of service of Henderson and Lichtenstadter will be addressed once the stay is lifted.