IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH E. RANDOLPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-246 (MN) |
| | ) |
| DAVID HENDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Kenneth E. Randolph, Central Violation of Probation Center, Smyrna, Delaware. Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

February 28, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

Plaintiff Kenneth E. Randolph ("Randolph"), an inmate at the Central Violation of Probation Center in Smyrna, Delaware, proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He filed the Complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3, 7, 17).

I. **BACKGROUND**

Plaintiff alleges violations of his right to due process during a parole revocation hearing. On May 15, 2015, the Court screened Plaintiff's pleadings and dismissed one defendant. (D.I. 8, 9). Plaintiff seeks, among other things, compensatory and punitive damages. The Court liberally construed Plaintiff's pleadings and allowed him to proceed against the Delaware Board of Parole defendants, and a service order issued. (D.I. 9). Two defendants, Richard Negley ("Negley") and Ralph Libarratore ("Libarratore"), signed the return of waiver of service of summons. (D.I. 11, 12). The other two defendants, David Henderson ("Henderson") and Marlene Lichtenstadter ("Lichtenstadter"), did not. (D.I. 13, 14).

Shortly after the United States Marshals Service advised the Court that Henderson and Lichtenstadter had not returned the waivers of service of summons, on August 10, 2015, all four defendants filed a motion to stay. (D.I. 15). The motion advised the Court that Plaintiff sought to litigate the same claims in the Superior Court of the State of Delaware in and for New Castle County, and a stay was sought pending a resolution of the Superior Court action to avoid duplicitous litigation and pending perfection of proper service upon all named defendants. (*Id.*). On September 30, 2015, the Court granted the motion to stay and ordered the parties to advise it

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

of the status of the State court matter. (D.I. 19). The Court ordered further status updates of the State court matter on August 23, 2016, December 1, 2016, and April 17, 2017. (D.I. 27, 30, 34).

On December 3, 2015, the Superior Court entered an order dismissing the case. *See Randolph v. Henderson*, C.A. No. N15M-04-060-CEG at BL-28 (Del. Super.) Plaintiff appealed to the Delaware Supreme Court. *Id*. at BL-29. On April 23, 2017, Plaintiff advised the Court that the case remained pending and that on February 6, 2017, the Delaware Supreme Court had affirmed and remanded the matter, and appointed counsel. (D.I. 35). On April 28, 2017, Defendants advised the Court that the Delaware Supreme Court issued a decision affirming the dismissal of Plaintiff's civil lawsuit, but remanded the matter to the Superior Court for appointment of counsel because Plaintiff raised concerns about his parole revocation process. (D.I. 36). Defendants posited that Plaintiff's federal lawsuit made essentially identical claims was not barred by the doctrine of *res judicata*. (*Id.*) Thereafter, the Court lifted the stay and ordered the parties to brief the issue of whether Plaintiff's claims were barred by reason of claim preclusion (*i.e.*, r*es judicata*). (D.I. 37).

Plaintiff filed a brief addressing the issue and Defendants filed a motion to dismiss for insufficiency of service of process and for summary judgment on the issue of claim preclusion. (D.I. 44, 45, 46). Plaintiff opposed Defendants' motion and filed a request for counsel. (D.I. 48, 47). Given the posture of the case, the Court denied Defendants' motion to dismiss for insufficient service of process and denied Defendants' motion for summary judgment on *res judicata* grounds noting that there had been no final judgment on the issue of whether Plaintiff was afforded his due process rights during his parole hearing. (D.I. 49, 50). The matter was stayed "while the State case remains pending." (D.I. 49 at 7). Specifically, the December 20, 2017 order states, "This

matter is stayed pending resolution of the case filed by the plaintiff in the Superior Court of the State of Delaware in and for New Castle County, Case No. N15M-04-060 CEB." (D.I. 50 ¶ 3).

On July 26, 2018, the Court lifted the stay upon judicial notice that the Superior Court case had been dismissed with prejudice on June 19, 2018. (D.I. 52). Unbeknownst to the Court, however, Plaintiff appealed the dismissal to the Delaware Supreme Court on July 20, 2018, where the appeal remains pending. *See Randolph v. State of Delaware*, No. 371, 2018 (Del.). In the meantime, Defendants renewed their motion to dismiss. (D.I. 56, 57). Plaintiff did not file a response to the motion. He, however, requests counsel and in doing so advises the Court that he has been transferred from a Level V access facility to a Level IV access facility, and he does not have access to a law library. (D.I 63).

## II. DISCUSSION

Upon review of the file, the Court concludes that the stay in this matter was prematurely lifted. The State court case is pending before the Delaware Supreme Court, the matter remains pending, and has yet to be decided by the Delaware Supreme Court; a posture somewhat similar to that when the Court denied Defendants' first dispositive motion. (*See* D.I. 45, 49, 50).

Accordingly, the Court will deny Defendants' motion to dismiss without prejudice to renew upon the resolution of Delaware Supreme Court Case No. 371,2018. The Court will stay this matter while the State case remains pending.

## III. REQUEST FOR COUNSEL

Plaintiff requests counsel. (D.I. 63). As discussed this matter will be stayed. Therefore, the Court will deny the request without prejudice to renew.

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny Defendants' motion to dismiss (D.I 56) without prejudice to renew; (2) deny Plaintiff's request for counsel (D.I. 63) without prejudice to renew; and (3) stay this matter pending resolution of Delaware Supreme Court Case No. 372,2018.[2]

An appropriate order will be issued.

---

[2] Because the matter will be stayed, at this time the Court will not extend the time to serve or enter a supplemental service order. The issue of service of Henderson and Lichtenstadter will be addressed once the stay is lifted.